IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Antonio Johnson, | ) | 4:02-cr-0579-CWH-1 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

**I. Facts and Procedural History**

On December 21, 2001, the petitioner, Antonio Johnson (the "petitioner"), pleaded guilty to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), 31 U.S.C. § 5313(a), and 31 U.S.C. § 5324(a)(1). United States v. Johnson, Case. No. 4:01-cr-1003-CWH-1. On July 1, 2002, the Court sentenced the petitioner to five months in prison, to be followed by two years of supervised release. On July 19, 2002, judgment was entered. The petitioner did not appeal his guilty plea or sentence.

On September 24, 2002, the petitioner pleaded guilty to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. United States v. Johnson, Case No. 4:02-cr-0579-CWH-1. Prior to being sentenced, the petitioner absconded. On May 13, 2003, the Court sentenced the petitioner, in absentia, to a term of 360 months in prison, to be followed by five years of supervised release. On May 13, 2003, judgment was entered. The petitioner did not appeal his guilty plea or sentence.

In November, 2004, the petitioner was arrested in Frankfurt, Germany, and on March 24, 2005, he was extradited to the United States. On March 1, 2006, the petitioner filed a <u>pro se</u> petition pursuant to 28 U.S.C. § 2255, attacking his guilty pleas and sentences from 2001 and 2002. <u>Johnson v. United States</u>, Case No. 4:06-cv-0606-CWH. On March 4, 2006, the Court issued an order acknowledging the applicability of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (the "AEDPA") to the case, and allowing the petitioner 60 days in which to file materials in support of a claim that his § 2255 petition was timely filed. <u>Johnson v. United States</u>, 2006 WL 569860, at *1-*2 (D.S.C. March 4, 2006). After the petitioner responded and the Court considered the matter, the Court issued an order that addressed both the 2001 and the 2002 cases. <u>Johnson v. United States</u>, 2006 WL 2443336, at *1 (D.S.C. Aug. 22, 2006). With respect to the 2001 case, the Court held that it lacked jurisdiction to disturb the petitioner's 2001 guilty plea and sentence because the petitioner was no longer in custody for the 2001 offense when he filed the § 2255 petition, and also because the petitioner's petition was filed outside of the one year limitations period set forth in the AEDPA. <u>Id.</u> With respect to the 2002 case, the Court held that the petitioner's § 2255 petition likewise was barred by the AEDPA's statute of limitations, which had run prior to his arrest in Frankfurt, and, further, that the petitioner was not entitled to equitable tolling of the statute. <u>Id.</u> at *1-*2. The petitioner appealed the decision to the Fourth Circuit Court of Appeals, which dismissed the petitioner's appeal and denied his motion for a certificate of appealability. <u>United States v. Johnson</u>, 223 F. App'x 213, 214 (4th Cir. 2007) (per curiam).

On September 24, 2007, the petitioner filed a petition pursuant to 28 U.S.C. § 2241, challenging his 360 month sentence for narcotics distribution, and alleging ineffective assistance

of counsel, prosecutorial misconduct, and abuse of judicial discretion. Johnson v. Pettiford, Case. No. 0:07-cv-3236-CWH. On December 12, 2008, the Court dismissed the petitioner's § 2241 petition without prejudice and without issuance and service of process upon the respondent because the claims in the petitioner's petition attacked the validity of his sentence and were duplicative of his § 2255 claims, which previously had been dismissed by the Court. The petitioner appealed that decision to the Fourth Circuit Court of Appeals, which affirmed the Court's decision to dismiss the § 2241 petition. Johnson v. Pettiford, 348 F. App'x 839 (4th Cir. 2009) (per curiam).

During the time the § 2241 appeal was pending, the petitioner filed a motion pursuant to Rules 60(b)(3), (4), and (6), seeking to set aside the Court's August 22, 2006 Order, which had dismissed his Section 2255 petition as untimely. See Case No. 4:06-cv-0606-CWH, ECF No. 26. This Court held that the petitioner's Rule 60(b) motion was filed in an attempt to avoid the time and successiveness limitations of 28 U.S.C. § 2255, and, regardless of the title of the petitioner's document, it was, in fact, a second, untimely Section 2255 petition that was subject to summary dismissal. See Case No. 4:06-cv-0606-CWH, ECF No. 33. The petitioner did not appeal this order.

## II. The Petitioner's Pending Motions

### A. The Petition for a Writ of Audita Querela

On August 18, 2010, the petitioner again attempted to launch a collateral attack on his sentence by filing a pro se petition for a writ of audita querela, pursuant to the All Writs Act, 28 U.S.C. § 1651(a). See Case No. 4:02-cr-0579-CWH-1, ECF No. 136. The government

responded, and moved to dismiss the petition. See Case No. 4:02-cr-0579-CWH-1, ECF No. 140.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). The writ of audita querela challenges a judgment that was correct at the time entered, but was subsequently rendered infirm. Martin-el v. Maryland, 2011 WL 5513241, at *2 (D. Md. Nov. 9, 2011). However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr., 474 U.S. at 43. The writ of audita querela is available in criminal cases only "to the extent it fills in gaps in the current system of post-conviction relief." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam). Of course, the "means to collaterally challenge a federal conviction or sentence" is through a motion pursuant to 28 U.S.C. § 2255, not through a petition for a writ of audita querela. Id. And, if § 2255 proves "inadequate or ineffective" to test the legality of his detention, a defendant may file a petition under § 2241. Id. at n.1. While it is true that the AEDPA limits the rights of a prison to file a second or successive motion, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam); see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions").



As the recitation of procedural history set forth above makes clear, the petitioner already has availed himself of several procedural mechanisms, including a § 2255 petition, a § 2241 petition, and a Rule 60(b) motion, in an attempt to collaterally challenge his sentence. The fact that these entreaties have been unsuccessful does not mean that the writ of <u>audita querela</u> is available to him. The petitioner's petition for the writ is denied, and the government's motion to dismiss is granted.

**B. The § 2255 petition**

On July 18, 2012, during the time his petition for a writ of <u>audita querela</u> was pending, the petitioner filed a second petition pursuant to § 2255. <u>See</u> Case No. 4:02-cr-0579-CWH-1, ECF No. 173. In his § 2255 petition, the petitioner again asks this Court to review the same claims that he has made to this Court in the past. The Court determines that it lacks jurisdiction over the petitioner's motion, as it is a successive request for relief pursuant to 28 U.S.C. § 2255. Accordingly, the petitioner's § 2255 motion is denied and dismissed.

**III. Conclusion**

The petitioner's petitions for a writ of <u>audita querela</u> (ECF No. 136) and to vacate under § 2255 (ECF No. 173) are denied and dismissed. The government's motion to dismiss the petitioner's petition for a writ of <u>audita querela</u> (ECF No. 140) is granted. In addition, because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied, as to each of the petitioner's petitions. <u>See</u> 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2012). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims



**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 23, 2012
Charleston, South Carolina

---

are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683 (4th Cir. 2001).